Douglas K. McNally, Esq. South Huntington Water District and East Northport Fire District Attorney
You have asked whether a member of a town board may also serve as the attorney for the commissioners of a water district and a fire district in the town. Currently, you are the attorney for the districts and are considering running for the town board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The powers of water and other improvement district commissioners are set forth in State law (Town Law, § 215). A review of these powers indicates that in some circumstances the position of improvement district commissioner is subordinate to the office of town board, making the two positions incompatible. Improvement district commissioners may "when specifically authorized by the town board and subject to such restrictions as the town board may impose", designate one of their members as treasurer and disbursing officer for the district in place of the town supervisor (id., § 215[1-a]). They are empowered, "with the approval of the majority of the town board", to sell or lease real or personal property owned by the district (id., § 215[8]). Improvement district commissioners annually must file with the town budget officer an estimate of the proposed expenditures and revenues of the district (id., § 215[10]). The town board may reduce any item specified in the estimate, except those relating to estimated revenues and debt service unless the majority of the district commissioners request such reduction in writing (ibid.). The commissioners, under a specific delegation by the town board, may exercise certain other specified powers (id., § 215[19]). Upon the adoption of a resolution by the town board, the commissioners of an improvement district may employ an attorney and/or engineer to provide legal and engineering services for the district (id., § 215[22]).
Thus, many of the powers and duties of improvement district commissioners are subject to review and approval by the town board. We believe that the office of improvement district commissioner is subordinate to the office of member of a town board, thus making these positions incompatible. Further, in our view the position of attorney to the water district commissioners is also incompatible with the office of member of the town board. The attorney is a close advisor to the commissioners and presumably has a strong interest in the functions, powers and performance of the district. Thus, the disqualification of district commissioners from serving as members of the town board applies also to the attorney to the board of water commissioners. Also, the employment of a water district attorney must be authorized by the town board (id., § 215[22]). Certainly a town board member serving as the attorney for the district cannot impartially determine whether the authorization should continue. Conversely, the water district commissioners may be biased in their dealings with the attorney on account of his position on the town board, in many ways the superior body.
Also, you ask whether a member of the town board may also serve as attorney to the commissioners of a fire district. In numerous opinions of this office, we have concluded that a member of the town board may not also serve as a fire district commissioner (1961 Op Atty Gen [Inf] 211; 1948 Op Atty Gen [Inf] 3; 1946 Op Atty Gen [Inf] 8). The legal basis for these findings of incompatibility continues to exist (Town Law, §§184[1], 184-a, 185[1], 188). In light of the attorney's close working relationship with the commissioners, we believe that the incompatibility prohibiting a member of the town board from serving as a fire district commissioner also prevents the town board member from serving as attorney to the fire district.
We conclude that the positions of member of the town board and attorney to a water district or a fire district are incompatible.